**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:09 CR 43 |
| | ) | |
| STANTON CEPHUS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on the "Requesting court order to obtain legal material from Attorney Mr. Arlington Foley," filed by Defendant, Stanton Cephus, on January 25, 2013 (DE #438). For the reasons set forth below, the motion is **GRANTED IN PART** and **DENIED IN PART**. The motion is **GRANTED** as to Cephus' request for jury instructions and the Clerk is **ORDERED** to send Cephus a copy of the jury instructions (DE #214). As to the other materials requested by Cephus, the motion is **DENIED**. Additionally, his request to appoint counsel is **DENIED**.

BACKGROUND

Stanton Cephus states he has asked his trial attorney, Arlington Foley, to provide him with: the jury instructions, discovery, grand jury transcripts, prescribed tapes of the telephone conversation from county jail recording, and pre-trial

transcripts so that he can prepare a section 2255 Petition.[1]  In response, Attorney Foley stated he did provide Cephus during the trial with all of the discovery materials that he could. (DE #440.) The Court then asked Cephus to describe the exact documents he is seeking (not just requesting all discovery and all pretrial transcripts), and the specific reason each document or material is needed. (DE #445).  In response, Cephus asserted it was "necessary for him to view the necessary paperwork concerning his case," and that he needs the requested materials "to file a substantial defense."  (DE #446, pp. 1-2.)  He also requested that the Court appoint counsel to assist him with preparation of a section 2255 motion.  (*Id.*, p. 2.)

DISCUSSION

Defendants do not have a constitutional right to a complimentary copy of any document in their court files. *See United States v. Groce*, 838 F. Supp. 411, 413-14 (E.D. Wis. 1993). Before providing copies free of charge, a district court may require the requestor to show: (1) that he has exhausted all other means of access to his files (*i.e.*, through his trial and appellate counsel), (2) that he is financially unable to secure access to his

---

[1] The Court notes that Cephus' court-appointed appellate attorney, Craig Sandberg, already provided him with the docket sheet, superseding indictment, and trial transcripts in this case.  (DE #436.)

court files (*i.e.*, through a showing similar to that required in 28 U.S.C. § 1915(a)(2), which includes a certified copy of the prisoner's trust fund account for the previous six-month period prior to the filing of his motion), and (3) that the documents requested are necessary for the preparation of some specific non-frivolous court action. *See Id.*, 28 U.S.C. § 753(f); *United States ex rel. Davidson v. Wilkinson*, 618 F.2d 1215, 1218-19 (7th Cir. 1980); *Rush v. United States*, 559 F.2d 455, 459 (7th Cir. 1977); *United States v. Zawada*, No. 3:06-CR-120, 2009 WL 1863982, at *2 (N.D. Ind. June 25, 2009); *United States v. Reed*, No. 93-cr-40050-JPG, 2010 WL 2990096, at *1 (S.D. Ill. July 27, 2010).

Cephus' request for "pre-trial transcripts" must be denied as too vague for the court to determine what copies he is seeking. There are multiple transcripts in this case that have been made as to the multiple co-defendants regarding detention hearings, initial appearances, arraignments, status hearings, and pretrial conferences all held before the jury trial in this case. Cephus has no section 2255 motion pending before this Court, and the Court is unable to certify that he is pursuing a matter that is not frivolous or that the requested transcripts are needed to decide the issue or issues presented by such a matter. *See United States v. Horvath*, 157 F.3d 131, 132 (2d Cir. 1998) (motion for free transcript not ripe until filing of § 2255 challenge to sentence).

His request for "discovery" and "prescribed tapes of the

3

telephone conversation from county jail"[2] must be denied because those documents/tapes are not contained in the Court's file. 18 U.S.C. § 753(b) has been construed to allow an indigent defendant to obtain free copies of documents that are in the court's file, but Cephus has not shown that he is indigent; thus, he cannot obtain copies without first paying for the copies. *See Zawada*, 2009 WL 1863982, at *1. If Cephus wants a copy of a document on file in this case, he (or someone on his behalf) must first prepay $.50 per page for the copies.

Because it is in the Court's file, and of limited pages, and Cephus attempted to voice why he wants to view the jury instructions ("to check and see if the proper jury instructions were addressed concerning his role in the offenses") (DE #446, p. 2), the Court **DIRECTS** the Clerk to send Cephus a copy of the jury instructions in this case (DE #214).

Regarding Cephus' request for grand jury transcripts, he has not satisfied the rigorous standard to obtain such material that is ordinarily kept secret. Our judicial system has recognized that the proper functioning of grand jury proceedings depends upon their

---

[2] The Court does not believe it has "prescribed tapes of the telephone conversation from county jail" in its record, however, this request is so vague that it is difficult to conduct such a search. Cephus does not give the Court any dates of the alleged conversation, the individuals who conducted the conversation, or any supporting information about whether such tapes were introduced at trial, or used any at any other time during this case.

4

absolute secrecy. *See Douglas Oil Co. Of California v. Petrol Stops Northwest*, 441 U.S. 211, 218 (1979). Federal Rule of Criminal Procedure Rule 6(e) codifies the rule that grand jury proceedings should be kept secret. *See* Fed. R. Crim. P. 6(e). "[P]arties seeking disclosure of grand jury transcripts must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed." *Matter of Grand Jury Proceedings, Special Sept., 1986,* 942 F.2d 1195, 1198 (7th Cir. 1991) (citing *Douglas Oil Co.*, 441 U.S. at 222). Grand jury secrecy may not be broken except where the party seeking disclosure can show a "compelling necessity" or a "particularized need." *Id.* Our circuit has held that "[i]n determining whether disclosure of grand jury matters is appropriate in any given case, a court must exercise substantial discretion, weighing the need for secrecy against the need for disclosure of specified documents and testimony occurring before the grand jury." *Matter of Grand Jury Proceedings, Miller Brewing Co.,* 687 F.2d 1079, 1088 (7th Cir. 1982) (superseded on other grounds)(citing *Douglas Oil Co.*, 441 U.S. at 223-24).

Here, Cephus has given no specific reason for his request. Cephus has failed to demonstrate a particularized need for the grand jury testimony. *See, e.g., United States v. Edelson*, 581

5

F.2d 1290, 1291 (7th Cir. 1978) (finding a defendant seeking the production of grand jury transcripts must do more than make general unsubstantiated or speculative allegations of impropriety to prevail under Rule 6(e)(3)(c)(ii) (the former rule)). Rather, Cephus seems to be fishing for anything helpful to his cause. "The secrecy of a grand jury proceeding is not to be pierced by such a slender reed: a mere possibility of benefit does not satisfy the required showing of particularized need." *Matter of Jury Proceedings*, *Special Sept., 1986*, 942 F.2d at 1199 (citations omitted).

With respect to Cephus' request for appointment of counsel to assist him with his section 2255 motion, the decision of whether to appoint counsel rests in the discretion of the district court, unless the denial of counsel would result in fundamental unfairness impinging on the petitioner's due process rights. *Winsett v. Washington*, 130 F.3d 269, 281 (7th Cir. 1997); *see* 18 U.S.C. § 3006A(a)(2)(B) ("Whenever . . . the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28."). Furthermore, the Seventh Circuit has noted that "[a] section 2255 proceeding is an independent civil suit for which there is no constitutional right to appointment of counsel." *Oliver v. United States*, 961 F.2d 1339, 1343 (7th Cir. 1992) (citing *Rauter v. United States*, 871

F.2d 693 (7th Cir. 1989)).  In this case, Cephus has not given the Court any reason to believe that the interests of justice require the unusual step of appointing counsel for a section 2255 motion, or given the Court any reason to believe he has meritorious arguments for such a motion.  As such, the request for counsel is **DENIED**.

CONCLUSION

For the aforementioned reasons, the motion for legal materials (DE #438) is **GRANTED IN PART** and **DENIED IN PART**.  The motion is **GRANTED** as to Cephus' request for jury instructions and the Clerk is **ORDERED** to send Cephus a copy of the jury instructions (DE #214).  As to the other materials requested by Cephus, the motion is **DENIED**.  Additionally, his request to appoint counsel is **DENIED**.


DATED: March 13, 2013                /s/ RUDY LOZANO, Judge
                                     United States District Court