UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 2:09 CR 43 |
| | ) |
| STANTON CEPHUS | ) |

## OPINION and ORDER

Defendant Stanton Cephus has moved, through appointed counsel, for compassionate release pursuant to Section 603 of the First Step Act. (DE # 727.) For the reasons that follow, the motion is denied.

### I.     BACKGROUND

On November 20, 2009, defendant was found guilty of seven counts of knowingly transporting an individual in interstate commerce with the intent that the individual engage in prostitution, six counts of sex trafficking, one count of conspiracy to transport minor and adult females in interstate commerce to engage in commercial sex acts, and one count of sex trafficking of children. (DE # 206.) Defendant was sentenced to 324 months imprisonment. (DE # 372.)

Defendant has moved for compassionate release from imprisonment, citing his own health concerns, as well as those of his mother. (DE # 727.) The Government opposes the motion. (DE # 730.) The court has fully considered all supplemental filings, including multiple letters from defendant's mother. (*See, e.g.*, DE # 747, 748.) The motion is fully briefed and ripe for ruling.

## II. ANALYSIS

Generally, a court is statutorily prohibited from modifying a term of imprisonment once imposed. *See* 18 U.S.C. § 3582(c). A handful of statutory exceptions exist, however, one of which allows a court to grant a convicted defendant compassionate release if the defendant meets certain requirements. *See* 18 U.S.C. § 3582(c)(1)(A). The court may grant a defendant's motion for compassionate release if: (1) the defendant has complied with the statute's administrative exhaustion requirement; (2) "extraordinary and compelling" reasons warrant such a reduction; (3) the court has considered the factors set forth in 18 U.S.C. § 3553(a), as applicable; and (4) the reduction is consistent with any applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A).

### 1. Exhaustion

Section 3582(c)(1)(A) requires a defendant to exhaust all remedies with the Bureau of Prisons ("BOP") before moving for compassionate release. Specifically, a defendant may file a request for compassionate release with a district court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A).

In this case, no argument is made that defendant failed to exhaust administrative remedies, and the court perceives no such barrier either. Defendant's petition includes a

2

copy of a letter from the warden of defendant's prison, denying defendant's request for compassionate release. (DE # 727 at 23.)

### 2. Extraordinary and Compelling Reasons

The court is only authorized to grant defendant's request if there exist "extraordinary and compelling reasons" justifying early release. 18 U.S.C. § 3582(c)(1)(A). Congress did not define "extraordinary and compelling reasons" in § 3582(c)(1)(A), instead delegating this task to the Sentencing Commission. 28 U.S.C. § 994(t). The Sentencing Commission defines this phrase in the commentary to § 1B1.13 of the United States Sentencing Guidelines. Presently, § 1B1.13 is binding only on the Director of the BOP, and not a district court considering a motion for compassionate release. *United States v. Gunn*, 980 F.3d 1178 (7th Cir. 2020). However, the Seventh Circuit in *Gunn* noted that "[t]he substantive aspects of the Sentencing Commission's analysis in § 1B1.13 and its Application Notes provide a working definition of 'extraordinary and compelling reasons'" for a district court to employ. *Id.* at 1180. Indeed, the *Gunn* court noted that "a judge who strikes off on a different path risks an appellate holding that judicial discretion has been abused." *Id.* Therefore, this court utilizes § 1B1.13 and its application notes as useful, even if not binding, guidance in determining whether defendant has identified an extraordinary and compelling reason for compassionate release. *Id.*

In this case, defendant first argues that he should be released because of his own health issues and the COVID-19 pandemic. Specifically, defendant claims that he has a

3

history of hypertension, Type II diabetes, morbid obesity with a BMI of more than 60, hyperlipidemia, sleep apnea, Vitamin D deficiency, and asthma. He argues that these conditions mean he faces a significant risk of death or serious injury from COVID-19. (DE # 727.)

Application Note 1 to U.S.S.G. § 1B1.13 defines an "extraordinary and compelling" situation as one involving a prisoner who has "a serious . . . medical condition that substantially diminishes the ability . . . to provide self-care within the environment of the correctional facility." *Id.* Considering defendant's conditions along with defendant's relatively young age (40), the court does not find that his health concerns present a serious medical condition that substantially diminishes his ability to provide self-care.

The court acknowledges that some of defendant's conditions or a combination thereof place him at higher risk for complications if infected by COVID-19. However, of a population of 560, FCI Otisville currently has 0 inmate cases and 0 staff cases of COVID-19. Federal Bureau of Prisons, *Coronavirus*, https://www.bop.gov/coronavirus/ (accessed August 30, 2021). Even if a small number of cases existed at defendant's prison, it would not justify compassionate release. *See United States v. Raia*, 954 F.3 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release[.]"); *United States v. Melgarejo*, No. 12-cr-20050, 2020 WL 2395982, at *3 (C.D. Ill. May 12, 2020) ("[T]he mere presence of COVID-19 in a particular prison

4

(or the BOP generally) cannot justify compassionate release - if it could, every inmate in that prison could obtain release.").

Further, the Seventh Circuit recently noted that the BOP offers COVID-19 vaccination to all federal prisoners. *United States v. Ugbah,* 4 F.4th 595, 597 (7th Cir. 2021) (citing *COVID-19 Vaccine Guidance* (Mar. 11, 2021)). Accordingly, the court held, a prisoner who is medically able to receive or benefit from the available vaccines cannot use the risk of COVID-19 to obtain compassionate release. *Id.; United States v. Broadfield,* 5 F.4th 801, 803 (7th Cir. 2021) ("[F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release."). In all, the combination of defendant's particular health conditions, the low risk of COVID-19 at defendant's particular institution, and the availability of vaccinations lead the court to conclude that extraordinary and compelling reasons do not exist to justify early release or home confinement in this case.

Defendant also contends that his mother's ailing health is an extraordinary and compelling reason justifying compassionate release. Defendant asserts that his mother underwent quadruple bypass surgery in 2018, suffers from coronary artery disease, and has frequent heart palpitations. (DE # 727 at 2.) The policy statement found in § 1B1.13 includes certain "family circumstances" as extraordinary and compelling reasons which might justify compassionate release. Specifically, that policy statement enumerates the following:

5

>   (C) Family Circumstances.—
>     (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>     (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

Notably, the policy statement does not mention elderly or ill parents as circumstances that would qualify as extraordinary and compelling.

Of course, the policy statement also allows for the consideration of any "other" extraordinary and compelling circumstances. U.S.S.G. § 1B1.13. However, this court joins a number of other district courts who are not persuaded that caring for elderly or ill parents constitutes a extraordinary and compelling reason warranting compassionate release. As another district court articulated: "While certainly admirable, a desire to help care for one's elderly parents does not qualify as an 'extraordinary and compelling reason' for release." *United States v. Goldberg,* No. CR 12-180 (BAH), 2020 WL 1853298, at *4 (D.D.C. Apr. 13, 2020). In *United States v. Ingram,* No. 2:14-cr-40, 2019 WL 3162305, at *2 (S.D. Ohio July 16, 2019), the district court also denied a defendant's motion for compassionate release; the defendant had based his motion on his purported need to care for his ill mother. The court "empathize[d] with the Ingram family's difficult situation," but ultimately concluded that "[m]any, if not all inmates, have aging and sick parents. Such circumstance is not extraordinary." *Id.* at *2. In this case, the court also finds that defendant's circumstance – specifically, his aging and sick mother – is not extraordinary.

6

Further, the policy statement indicates that it is important to consider whether defendant is the only possible caretaker in the context of an incapacitated partner; there is no reason why the same question should not be asked of a defendant asking for release to care for elderly or ill parents. *Goldberg,* 2020 WL 1853298, at *4 (critical consideration under the policy statement is that no person other than the defendant is available to serve as a caretaker). In this case, the court is not convinced that defendant's mother has no other options. The fact that she and defendant would greatly prefer that defendant serve as caretaker does not render the situation extraordinary and compelling.

3.  **Section 3553(a) Factors**

The fact that extraordinary and compelling reasons justifying compassionate release do not exist in this case means that it is unnecessary for the court to delve further. *Ugbah,* 4 F.4th at 598. However, for the sake of completeness, the court notes that *even if* the court determined that defendant's situation constituted an extraordinary and compelling circumstance justifying compassionate release, the court would still be required to consider the factors of Section 3553(a) to the extent that they are applicable, 18 U.S.C. § 3582(c)(1)(A)(I), and those factors would not weigh in defendant's favor. Section 3553(a) states:

> (a) Factors to be considered in imposing a sentence.—The court shall consider–
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

7

(2) the need for the sentence imposed—

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence[s] and the sentencing range established for--

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines [issued by the Sentencing Commission . . . ;]

(5) any pertinent policy statement guidelines [issued by the Sentencing Commission ...;]

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

In this case, a consideration of relevant Section 3553(a) factors weighs in favor of not granting defendant's petition for compassionate release. The nature and circumstances of the offense are, as Judge Lozano stated during sentencing, "horrendous." (DE # 372, Sent. Hrg. Tr. at 60.) Defendant and his co-conspirators used means of force, violence, fraud, coercion, and a supply of drugs to cause girls and

8

women to engage in prositution. He personally recruited victims, drove victims to "calls," collected money, and knew victims were physically abused, threatened, and tormented by other members of the operation. In this case, the seriousness of the offense is immense.

Further, society would benefit from defendant serving the remainder of his sentence, as defendant will not be able to engage in further predatory acts or otherwise cause additional torment to others, at least for the remainder of his incarceration. Requiring defendant to complete his sentence also has deterrent value, both for defendant as well as others.

Finally, requiring defendant to continue to serve his sentence would promote respect for the law and provide just punishment for defendant's offense. This is especially true in this case because defendant has repeatedly couched his apologies and admissions in the excuse that he was merely a bystander while his brother spearheaded the operation. This suggests a failure to accept full responsibility for his actions. Compassionate release should not be used to reward defendants who make excuses for their own conduct. *See, e.g, United States v. Lisi,* No. 15 CR. 457 (KPF), 2020 WL 881994, at *6 (S.D.N.Y. Feb. 24, 2020).

### 4. Consistency with Policy Statements

As mentioned above, Congress (and, by delegation, the Sentencing Commission) created § 1B1.13, a policy statement related to compassionate release requests, which the Seventh Circuit instructs the court should consider as useful guidance in the context of

9

the present motion. *Gunn*, 980 F.3d at 1180. That policy statement provides that compassionate release is only appropriate if the defendant is not a danger to the safety of any other person or to the community. U.S.S.G. § 1B1.13.

Due to the nature of defendant's crime as described herein, the court is not convinced that defendant poses no danger to the safety of any other person or to the community. Further, defendant has yet to fully accept the culpability of his actions; this gives the court little confidence that defendant would shun criminal opportunities upon release. Defendant's continued incarceration ensures that vulnerable persons and the community at large are shielded from defendant's choices for the remainder of his term of imprisonment.

### III. CONCLUSION

Compassionate release is an extraordinary event. *United States v. Pena*, No. 2:15-CR-72-PPS, 2020 WL 3264113, at *1 (N.D. Ind. June 17, 2020). Given all of the circumstances and factors described herein, compassionate release is not appropriate in this case. Accordingly, defendant's motion under Section 603 of the First Step Act is **DENIED**. (DE # 727.)

                                        **SO ORDERED.**

Date: August 31, 2021

                                  s/James T. Moody
                                  JUDGE JAMES T. MOODY
                                  UNITED STATES DISTRICT COURT